IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3163-FL

| | |
|---|---|
| SHI DONG PING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) ORDER |
| | ) |
| WARDEN C. RATLEDGE, FMC | ) |
| MEDICAL REVIEW COMMITTEE, | ) |
| and THE BOP REGIONAL | ) |
| DIRECTOR, | ) |
| | ) |
| Defendants. | ) |

This matter comes now before the court on defendants' motion to dismiss (DE 12) pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The issues raised have been fully briefed and are ripe for adjudication. For reasons given, the court grants in part and denies in part defendants' motion to dismiss.

**STATEMENT OF THE CASE**

On June 20, 2014, plaintiff, a federal inmate, filed this civil rights action *pro se* pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), naming the Federal Bureau of Prisons' ("BOP") Regional Director, Butner Medical Review Committee, and Warden C. Ratledge as defendants in this action. Plaintiff subsequently filed an amended complaint on July 8, 2014. Plaintiff alleged in his pleadings that defendants refused to provide him with an explanation of his medical condition and that defendants have acted with deliberate indifference to his serious medical needs.

On February 18, 2015, defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim upon which relief may be granted pursuant to Rule 12(b)(6). The motion was fully briefed.

## STATEMENT OF FACTS

Plaintiff alleges in his complaint that he was transferred to the Federal Medical Center in Butner, North Carolina ("Butner") for follow-up medical care after having surgery for Nasopharyngeal cancer. (Compl. p. 3.) Plaintiff received both chemotherapy and radiation treatment at Butner from February 8, 2011, through May 5, 2011. (Id.) As a Chinese national who speaks little English, plaintiff states that he could not articulate the level of pain he experienced in the course of his post-surgical treatment. (Am. Compl. p. 1.)

Plaintiff, in particular, states that his "throat was burned so bad [during his post-surgical treatment] that it constricted so tight that a feeding tube had to be surgically inserted into his stomach." (Compl. p. 2.) When the feeding tube was removed in 2013, "the incision was not closed but left open to fester and allow the possibility of a staph infection which could prove fatal." (Am. Compl. p. 2.) For the past 18 months, plaintiff has been able to drink Ensure, but still cannot swallow solid food. (Compl. p. 4.) Plaintiff states research shows that in cases like his, "the throat would be dilated with a series of sessions, [but that] plaintiff has had only one." (Id.) When plaintiff inquired as to why he has had only one session, he received no reply. (Id.) Plaintiff is a Chinese national who speaks little English and further states that prison officials and medical staff have ignored his requests for information regarding his medical condition. (Id.)

Plaintiff subsequently filed a grievance with prison officials asking the following two questions: "(1) What is my condition in regards to my throat? (2) Will I ever be able to eat solid

2

food again?" (Am. Compl. p.3.) In their initial response, defendants advised plaintiff to continue his treatment plan. (Id.) Prison officials subsequently provided plaintiff a detailed response to his inquiry on January 28, 2015. (Pl.'s Resp. Attach. p. 6.) As relief plaintiff requests monetary damages and "proper medical treatment for his throat." (Am. Compl. p. 4.)

## DISCUSSION

A.  Standard of Review

1.  Rule 12(b)(1)

A Rule 12(b)(1) motion challenges the court's subject matter jurisdiction, and the plaintiff bears the burden of showing that federal jurisdiction is appropriate when challenged by the defendant. McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936); Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). Such a motion may either assert the complaint fails to state facts upon which subject matter jurisdiction may be based or attack the existence of subject matter jurisdiction in fact, apart from the complaint. Adams, 697 F.2d at 1219. The latter type of attack is used when a court's limited jurisdiction precludes hearing the case brought. Id. Since the court's power to hear the case is at issue in a Rule 12(b)(1) motion, the court is free to weigh the evidence to determine the existence of jurisdiction. Id. This includes exhibits outside the pleadings. Williams v. United States, 50 F.3d 299, 304 (4th Cir. 1995).

2.  Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). A complaint states a claim if it contains

3

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir.1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Furthermore, while a *pro se* complaint must be construed liberally, it is not the court's obligation "to discern the unexpressed intent of the plaintiff." Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

4

B.  Analysis

Defendants contend that the court lacks subject matter jurisdiction to review the BOP's decision denying plaintiff's request for compassionate release pursuant to 18 U.S.C. § 3582(c). In response to defendants' motion to dismiss, plaintiff states that the instant case is a civil rights action and not a petition for compassionate release pursuant to § 3582(c). Because plaintiff has made clear that he is not pursuing a compassionate release claim, defendants' motion to dismiss on this ground is DENIED as MOOT.

Defendants, alternatively, argue that plaintiff's contention that defendants' alleged conduct violated the Fourteenth Amendment to the United State Constitution fails to state a claim upon which relief may be granted because the Fourteenth Amendment is implicated only when there is state action. To the extent plaintiff, a federal inmate, relies on 42 U.S.C. § 1983 or the Fourteenth Amendment as the source of his legal claims against the federal defendants, the claims fail as a matter of law. See, e.g., U.S. Const. amend. XIV; Ashcroft, 556 U.S. at 675; Bolling v. Sharpe, 347 U.S. 497, 499 (1954); see also, Trujillo v. Edgefield Fed. Prison, C.A. No. 0:10-2058-HMH-PJG, 2011 WL 2935853, at *4 (D.S.C. July 18, 2011) ("The Fourteenth Amendment, however, applies only to states and state actors."). Thus, defendants' motion to dismiss is GRANTED as to this claim.

Finally, the court addresses plaintiff's claim that defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth Amendment to the United States Constitution. "In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Wilson v. Seiter, 501 U.S. 294, 298 (1991)). The first

5

prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was *objectively* sufficiently serious"–and the second prong is subjective–the prisoner must show that "*subjectively* the officials act[ed] with a sufficiently culpable state of mind." See Strickler, 989 F.2d at 1379 (quotations omitted).

Here, plaintiff, a Chinese national who speaks little English, alleges defendants refuse to provide a means for him to communicate with medical providers or to provide him with information regarding his medical treatment. Plaintiff also asserts that defendants refuse to provide appropriate medical treatment for his throat. These allegations state a claim, and defendants' motion to dismiss plaintiff's Eighth Amendment claim is DENIED. See De'lonta v. Johnson, 708 F.3d 520, 526 (4th Cir. 2013) ("We do, of course, acknowledge that Appellees have provided De'lonta with some measure of treatment to alleviate her GID symptoms. But just because Appellees have provided De'lonta with some treatment consistent with the GID Standards of Care, it does not follow that they have necessarily provided her with constitutionally adequate treatment.")

## CONCLUSION

In accordance with the foregoing, the court GRANTS in part and DENIES in part defendants' motion to dismiss (DE 12). Defendants' motion to dismiss is GRANTED as to plaintiff's Fourteenth Amendment claim. Defendants' motion to dismiss plaintiff's compassionate release claim is DENIED as MOOT, and defendants' motion to dismiss plaintiff's Eighth Amendment claim is DENIED. An initial order will follow.

SO ORDERED, this the 24th day of June, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge