IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3163-FL

| | |
|---|---|
| SHI DONG PING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| WARDEN C. RATLEDGE, MEDICAL ) | |
| REVIEW COMMITTEE, and THE L.C. ) | |
| EICHENLAUB,[1] ) | |
| ) | |
| Defendants. ) | |
| ) | |

This matter comes now before the court on defendants' second motion to dismiss (DE 21) pursuant to Federal Rule of Civil Procedure 12(b)(6),[2] which was fully briefed. Also before the court are plaintiff's motion for clarification (DE 25) and motion for discovery (DE 28). Defendants did not respond to plaintiff's motions. In this posture, the issues raised are ripe for adjudication.

**STATEMENT OF THE CASE**

On June 20, 2014, plaintiff, a federal inmate, filed this civil rights action *pro se* pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), naming the Federal Bureau of Prisons ("BOP") Regional Director L.C. Eichenlaub ("Eichenlaub"), Butner Medical Review Committee, and Warden C. Ratledge ("Ratledge") as defendants. Plaintiff

---

[1] Defendants state in their motion to dismiss that the party plaintiff identified as the BOP Regional Director is L.C. Eichenlaub. The clerk of court is DIRECTED to amend the court's caption to reflect this change.

[2] The court notes that, in the instant motion to dismiss, defendants refer to exhibits attached to their February 18, 2015, motion to dismiss. Because such materials are outside of the scope of the pleadings, the court has not considered such materials in ruling on this motion. See Fed. R. Civ. P. 12(d).

subsequently filed an amended complaint on July 8, 2014. Plaintiff alleged in his pleadings that defendants refused to provide him with an explanation of his medical condition and that defendants acted with deliberate indifference to his serious medical needs in violation of the Eighth and Fourteenth Amendments to the United States Constitution.

On February 18, 2015, defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) arguing that the court lacked subject matter jurisdiction to review the BOP's decision denying plaintiff's request for compassionate release pursuant to 18 U.S.C. § 3582(c). Defendants alternatively assert that plaintiff failed to state an Eighth or Fourteenth Amendment claim pursuant to Rule 12(b)(6). The motion was fully briefed. On June 24, 2015, the court entered an order denying as moot defendants' motion to dismiss plaintiff's compassionate release claim. The court additionally granted defendants' motion to dismiss plaintiff's Fourteenth Amendment claim, but denied their motion to dismiss plaintiff's Eighth Amendment claim.

On August 6, 2015, defendants filed a second motion to dismiss pursuant to Rule 12(b)(6) arguing plaintiff failed to state a claim upon which relief may be granted. The motion was fully briefed. The next day, the court entered a case management order providing deadlines for discovery and any dispositive motions. Plaintiff subsequently filed a motion for clarification of the record and a motion for discovery.

### STATEMENT OF FACTS

For ease of reference, the statement of facts as set forth in the court's June 24, 2015, order is as follows:

> Plaintiff alleges in his complaint that he was transferred to the
> Federal Medical Center in Butner, North Carolina ("Butner") for

> follow-up medical care after having surgery for Nasopharyngeal cancer. (Compl. p. 3.) Plaintiff received both chemotherapy and radiation treatment at Butner from February 8, 2011, through May 5, 2011. (Id.) As a Chinese national who speaks little English, plaintiff states that he could not articulate the level of pain he experienced in the course of his post-surgical treatment. (Am. Compl. p. 1.)
>
> Plaintiff, in particular, states that his "throat was burned so bad [during his post-surgical treatment] that it constricted so tight that a feeding tube had to be surgically inserted into his stomach." (Compl. p. 2.) When the feeding tube was removed in 2013, "the incision was not closed but left open to fester and allow the possibility of a staph infection which could prove fatal." (Am. Compl. p. 2.) For the past 18 months, plaintiff has been able to drink Ensure, but still cannot swallow solid food. (Compl. p. 4.) Plaintiff states research shows that in cases like his, "the throat would be dilated with a series of sessions, [but that] plaintiff has had only one." (Id.) When plaintiff inquired as to why he has had only one session, he received no reply. (Id.) Plaintiff is a Chinese national who speaks little English and further states that prison officials and medical staff have ignored his requests for information regarding his medical condition. (Id.)
>
> Plaintiff subsequently filed a grievance with prison officials asking the following two questions: "(1) What is my condition in regards to my throat? (2) Will I ever be able to eat solid food again?" (Am. Compl. p.3.) In their initial response, defendants advised plaintiff to continue his treatment plan. (Id.) Prison officials subsequently provided plaintiff a detailed response to his inquiry on January 28, 2015. (Pl.'s Resp. Attach. p. 6.) As relief plaintiff requests monetary damages and "proper medical treatment for his throat." (Am. Compl. p. 4.)

((DE 16), p. 2-3.)

## DISCUSSION

A.   Motion for Discovery

Plaintiff filed a motion to compel defendants to respond to his discovery requests. Plaintiff's motion fails to comply with Federal Rule of Civil Procedure 37(a) and Local Rule 7.1(c) of the Local Rules of Practice and Procedure, which require that the movant certify that there has been a

3

good faith effort to resolve discovery disputes prior to the filing of any discovery motions. As set forth below, the discovery deadline will be extended to permit plaintiff the opportunity to submit his discovery requests directly to defendants. Thus, plaintiff's motion is DENIED without prejudice.

B.     Motion to Dismiss

   1.     Standard of Review

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); see also Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). A complaint states a claim if it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal [the] evidence" required to prove the claim. Twombly, 550 U.S. at 556.

Furthermore, the complaint need not set forth "detailed factual allegations," but instead must simply "plead sufficient facts to allow a court, drawing on 'judicial experience and common sense,' to infer 'more than the mere possibility of misconduct.'" Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 256 (4th Cir. 2009) (quoting Iqbal, 556 U.S. at 679). In evaluating the complaint, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Id. at 255 (citations omitted).

4

When considering a Rule 12(b)(6) motion, a court must keep in mind the principle that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); Noble v. Barnett, 24 F.3d 582, 587 n.6 (4th Cir.1994). Nevertheless, Erickson does not undermine the requirement that a pleading contain "more than labels and conclusions." Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Twombly, 550 U.S. at 555). Furthermore, while a *pro se* complaint must be construed liberally, it is not the court's obligation "to discern the unexpressed intent of the plaintiff." Laber v. Harvey, 438 F.3d 404, 413 n. 3 (4th Cir. 2006).

2. Analysis

   a. Sovereign Immunity

Defendants move to dismiss the medical review committee from this action. Actions filed pursuant to Bivens must be directed at persons. See Murphy–Barber v. Murry, No. 96-6247, 1996 WL 380280, at *1 (4th Cir.1996) (finding the Bureau of Prisons is not a person subject to suit under Bivens ); Diaz v. Lee, 104 F. App'x 321, (4th Cir. 2004) ("We note that because the Utilization Review Board ("URB") is not a "person" under § 1983, it was not necessary for the district court to address the merits of Diaz's claims against it.") (citation omitted). Because the medical review committee is not a person, it is not a proper party to a § 1983 action. Thus, plaintiff's claim against the medical review committee is DISMISSED for failure to state a claim.

In his response to defendants' motion to dismiss, plaintiff asserts that defendants have not responded to his discovery request seeking the individual names of the medical review committee

5

members. Accordingly, upon discovery of the individual members of the medical review committee, plaintiff may amend his complaint to include such individuals as defendants.

### b. Supervisor Liability

Defendants Ratledge and Eichenlaub correctly argue that they may not be held liable based on a theory of respondeat superior, because respondeat superior generally is inapplicable to Bivens suits. Monell v.. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978). Supervisor liability, however, is applicable to Bivens actions. Accordingly, the court now determines whether defendants Ratledge and Eichenlaub may be held liable based upon a theory of supervisor liability. A supervisor may be liable for the actions of a subordinate if:

(1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff;

(2) the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices'; and

(3) there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.

Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994) (citations omitted).

Plaintiff alleges that defendants Ratledge and Eichenlaub had full knowledge of the medical review committee members' alleged deliberate indifference to his serious medical needs and acted to "hide" and "cover-up" the alleged deliberate indifference. See (Pl.'s Resp. (DE 27), p. 4.) Construing plaintiff's *pro se* allegations liberally, as this court must, the court finds plaintiff's allegations sufficient to state a claim against the remaining defendants. Thus, defendants' motion to dismiss this claim is DENIED.

To the extent defendants' motion to dismiss asserts the affirmative defense of qualified immunity, the court DENIES the motion without prejudice. If need be, the court will entertain a motion for summary judgment raising the defense on a more fully developed record.

C. Case Management Deadlines

Given the court's rulings in this order, the discovery and dispositive motion deadlines set in the court's August 7, 2015, case management order must be extended. The discovery deadline now is February 8, 2016, and the dispositive motion deadline now is March 21, 2016.

**CONCLUSION**

For the foregoing reasons, the court rules as follows:

(1) Defendants' second motion to dismiss (DE 21) is GRANTED in part and DENIED in part. The motion is GRANTED as to plaintiff's claim against the medical review committee, and this party is DISMISSED from this action. Defendants are cautioned that future motions to dismiss pursuant to Rule 12(b)(6) are strongly discouraged;

(2) Plaintiff's motion for discovery (DE 28) is DENIED without prejudice;

(3) It is unclear what relief plaintiff seeks in his motion for clarification (DE 25), and it is DENIED;

(4) The clerk of court is DIRECTED to amend the court's caption to reflect that the party identified as the BOP Regional Director is L.C. Eichenlaub;

(5) The discovery deadline now is February 8, 2016, and the dispositive motion deadline now is March 21, 2016.

SO ORDERED, this the 8th day of December, 2015.

*Louise W. Flanagan*
LOUISE W. FLANAGAN
United States District Judge