```
                IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                         WESTERN DIVISION

                      NO. 5:14-CT-3163-FL


SHI DONG PING,,                 )
    a/k/a Ping Dong Shi,        )
                                )
         Plaintiff,             )    DEFENDANTS' APPENDIX TO
                                )    LOCAL CIVIL RULE 56.1
         v.                     )    STATEMENT OF MATERIAL
                                )    FACTS
WARDEN C. RATLEDGE, ET AL.,     )
                                )
         Defendants.            )
```

TABLE OF CONTENTS

Warden Andrews Declaration................................  5

November 26, 2012 Letter..................................  9

Response to Request for Administrative Remedy............. 10

L.C. Eichenlaub Declaration............................... 11

Response to Administrative Remedy Regional Appeal
Dated March 12, 2013...................................... 15

Response to Administrative Remedy Regional Appeal
Dated November 8, 2013.................................... 16

Warden Ratledge Declaration............................... 17

Response to Reduction in Sentence Request ................ 20

The blue boxes surrounding the page numbers signify a hyperlink. The blue boxes do not appear when this document is printed.

Def. Appendix 1

Respectfully submitted this 17th day of March, 2016.

                    JOHN STUART BRUCE
                    Acting United States Attorney

                    BY:  /s/ Kimberly A. Moore
                    KIMBERLY A. MOORE
                    Attorney for Defendants
                    United States Attorney's Office
                    Civil Division
                    310 New Bern Avenue, Suite 800
                    Raleigh, NC 27601
                    Telephone: (919) 856-4359
                    Fax: (919) 856-4487
                    Email: kimberly.moore@usdoj.gov
                    N.C. Bar No. 21477

CERTIFICATE OF SERVICE

I do hereby certify that I have this 17th day of March, 2016, served a copy of the foregoing upon the below listed party by placing a copy of the same in the U.S. Mail, addressed as follows:

Shi Dong Ping
No. 50259-053
Butner Medium I-F.C.I.
P.O. Box 1000
Butner, NC  27509

                              BY:  /s/ Kimberly A. Moore
                              KIMBERLY A. MOORE
                              Attorney for Defendants
                              United States Attorney's Office
                              Civil Division
                              310 New Bern Avenue, Suite 800
                              Raleigh, NC 27601
                              Telephone: (919) 856-4359
                              Fax: (919) 856-4487
                              Email: kimberly.moore@usdoj.gov
                              N.C. Bar No. 21477

Def. Appendix 3

**THIS PAGE LEFT BLANK INTENTIONALLY**

Def. Appendix 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3163-FL

| | |
|---|---|
| SHI DONG PING,<br>    a/k/a Ping Dong Shi,<br><br>        Plaintiff,<br><br>        v.<br><br>WARDEN C. RATLEDGE, ET AL.,<br><br>        Defendants. | DECLARTION OF<br>JUSTIN F. ANDREWS |

I, Justin F. Andrews, declare and state as follows:

1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as the Warden at the Federal Correctional Institution II, in Butner, North Carolina ("FCI Butner II"). I have held this position since November of 2013. Prior to becoming Warden at FCI Butner II, I was Warden at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner") from July 2012, through November 2013.

2. As Warden of FCI Butner, I exercised final ruling authority on institution-level appeals of administrative grievances filed by inmates at FCI Butner. I was also responsible for reviewing requests submitted by FCI Butner

Def. Appendix 5

inmates for a reduction in sentence, pursuant to BOP Program Statement 5050.49, <u>Compassionate Release, Reduction in Sentence</u>.

3. I am familiar with FCI Butner inmate Shi Dong Ping, Register No. 50259-053.[1] I am aware that he has filed the above-captioned federal civil rights action, in which I am named as a defendant. Mr. Ping alleges that I violated his Constitutional rights by ignoring his requests for information regarding his medical condition. He alleges that I had full knowledge of his medical condition, and the actions of the Utilization Review Committee at the Federal Medical Center in Butner, North Carolina ("FMC Butner"), and that I acted with deliberate indifference to his serious medical condition.

4. In the fall of 2012, Mr. Ping requested a reduction in sentence, based upon his medical condition. In a memorandum dated November 26, 2012, I provided a written response to him, informing him that his medical condition was reviewed, and that based upon his stable condition at that time, his request for a reduction in sentence was denied. <u>See</u> Memorandum to Ping Dong Shi, 50259-053, from Warden J. Andrews (Nov. 26, 2012), attached hereto as Attachment 1.

5. In August of 2013, Mr. Ping filed an administrative remedy request at the institution level, requesting a detailed

---

[1] Official BOP records list the plaintiff's name as Ping Dong Shi. However, for the purposes of responding to this litigation, the plaintiff will be referred to as Shi Dong Ping.

written explanation of his medical condition, specifically concerning his throat. On September 10, 2013, I signed an informational response to Mr. Ping, detailing his condition and the treatment he was being provided. I encouraged him to address his treatment plan and questions with his physician. See Request for Administrative Remedy, Part B - Response, Admin Remedy Number 747214-F1 (Sept. 10, 2013), attached hereto as Attachment 2.

6. I deny that I ever intentionally violated any of Mr. Ping's constitutional rights. At no time did I have any personal involvement in the medical care provided to him, nor did I have any involvement into the treatment decisions made by his treatment providers or the Utilization Review Committee at FMC Butner. As the Warden, I was not involved in the day-to-day decisions of FCI Butner staff as it relates to the medical care provided to inmates. The responses to Mr. Ping's request for reduction in sentence and his administrative remedy were prepared for my signature by administrative staff, based upon a review of the appropriate records, including his medical records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

3

Def. Appendix 7

Case 5:14-ct-03163-FL Document 39 Filed 03/17/16 Page 7 of 20

Executed this  15TH day of March, 2016.

_____
Justin F. Andrews
Warden
Federal Correctional Institution II
Butner, North Carolina



```
                                    U.S. Department of Justice
                                    Federal Bureau of Prisons
                                    Federal Correctional Institution I
                                    P.O. Box 1000
                                    Butner, NC 27509
```

DATE: November 26, 2012

REPLY TO
ATTN OF: J. ANDREWS
         WARDEN

SUBJECT: Reduction in Sentence

TO: Shi, Ping Dong
    Reg. #: 50259-053

The Federal Medical Center-Butner Tumor Board met on November 13, 2012 to review your request for Reduction in Sentence.

Your medical condition was reviewed to determine whether you meet the Reduction in Sentence guidelines due to a declining or deteriorating health condition. You have a diagnosis of Nasopharyngeal Carcinoma. The Oncology team indicated you are in remission at this time. You may reapply in the future if your cancer reappears.

We are committed to providing you with the necessary and appropriate care for your medical needs.


cc: AW
    Medical Records
    Unit Team

U.S. Department of Justice  
Federal Bureau of Prisons  
FCI I Butner

Request for Administrative Remedy  
Part B - Response

**Admin Remedy Number: 747214-F1**

This is in response to your Request for Administrative Remedy, 747214-F1, receipted August 22, 2013, in which you request to know when your throat will be repaired and your feeding tube removed.

A review of this matter reveals you were diagnosed with naopharynageal cancer and you received chemotherapy and radiation. You had a barium swallow test performed in February 2013, which concluded you were at risk for aspiration. Therefore, you are discouraged from consuming nutrition orally. You have a nutritional supplement ordered that is to be consumed by way of your peg tube.

You have a Chronic Care appointment scheduled on September 12, 2013, to review your status. Your treatment plan and questions regarding your feeding tube can be discussed with your physician at that time.

Based on the above information, this response to your Request for Administrative Remedy is for informational purposes only.

If dissatisfied with this response, you may appeal to the Regional Director, Federal Bureau of Prisons, Mid-Atlantic Regional Office, 302 Sentinel Drive, Suite 200, Annapolis Junction, Maryland, 20701. Your appeal must be received in the Regional Office within 20 days from the date of this response.

_____  
J. Andrews, Warden

9/10/2013  
Date

Def. Appendix 10

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3163-FL

SHI DONG PING,  )
    a/k/a Ping Dong Shi,  )
                                            )
            Plaintiff,  )
                                            )    DECLARATION OF L.C. EICHENLAUB
      v.  )
                                            )
WARDEN C. RATLEDGE, ET AL.,  )
                                            )
            Defendants.  )

I, L.C. Eichenlaub, declare and state as follows:

1. I was previously employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as Regional Director for the Mid-Atlantic Region. I held this position from November 2009 to December 2014. Following my employment as Regional Director, I was Deputy Director of the BOP until my retirement on January 9, 2016.

2. As Mid-Atlantic Regional Director, I was responsible for the oversight of fifteen institutions located in the BOP's Mid-Atlantic Region, including two correctional complexes and four community corrections offices located in a six-state area.

3. I understand that I have been named as a defendant in the above referenced case filed by federal inmate Shi Dong Ping, federal register number 50259-053. Plaintiff alleges that I, both

1

personally and in my official capacity, violated his Constitutional rights by ignoring his requests for information regarding his medical condition. Plaintiff alleges that I had full knowledge of his medical condition and the actions of the Utilization Review Committee at the Federal Medical Center in Butner, North Carolina ("FMC Butner"), and that I acted with deliberate indifference to his serious medical condition.

4. Plaintiff alleges that I gained this knowledge through my involvement in the BOP's administrative remedy process, through which he filed two administrative remedies pertaining to his medical condition.

5. Based upon a review of the applicable administrative remedy program records, I know that the plaintiff requested a reduction in sentence from the Warden at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner") based upon the plaintiff's medical condition. The Warden of the FCI Butner denied Plaintiff's request finding that he did not meet criteria for a reduction in sentence based on this medical condition. Plaintiff appealed the Warden's decision to the Mid-Atlantic Regional Office through the BOP's administrative program (Remedy ID No.719410-R1). On March 12, 2013, the plaintiff's regional administrative remedy appeal was denied based upon the reasons provided in the Warden's prior denial of the request for a reduction in sentence. See Administrative

Remedy Regional Appeal, Remedy ID No.719410-R1 (March 12, 2013), attached hereto as Attachment 1.

6. I did not sign the response to Regional Administrative Remedy Appeal 719410-R1. This response was signed by my Deputy Regional Director, to whom I had delegated this duty. At that time, I would not have reviewed nor responded to the plaintiff's administrative remedy appeal as it was handled by my Deputy Director.

7. In August 2013, Plaintiff filed an administrative remedy request with the Warden of FCI Butner in which he requested information regarding his medical condition. The Warden provided an informational response to the plaintiff on September 10, 2013. Plaintiff appealed the Warden's response to the Mid-Atlantic Regional Office through the BOP's administrative program (Remedy ID No.747214-R1). On November 8, 2013, an informational response was provided to the plaintiff's regional administrative remedy appeal. See Administrative Remedy Regional Appeal, Remedy ID No.747214-R1 (Nov. 8, 2013), attached hereto as Attachment 2.

8. I did not sign the response to Regional Administrative Remedy Appeal 747214-R1. This response was signed by my Deputy Regional Director, to whom I had delegated this duty. At that time, I would not have reviewed nor responded to the plaintiff's administrative remedy appeal as it was handled by my Deputy Director.

9. I deny that I ever intentionally violated any of the

plaintiff's constitutional rights. At no time did I or my Deputy Director have any personal involvement in the medical care provided to the plaintiff, nor did we have any involvement into the treatment decisions made by his treatment providers or the Utilization Review Committee at FMC Butner. As the Regional Director, I was not involved in the day-to-day decisions of FCI Butner or FMC Butner staff as it relates to the medical care provided to inmates.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 15th day of March, 2016.

L.C. Eichenlaub
Deputy Director (Retired)
Federal Bureau of Prisons

4                                    Def. Appendix 14

Case 5:14-ct-03163-FL   Document 39   Filed 03/17/16   Page 14 of 20

## ADMINISTRATIVE REMEDY REGIONAL APPEAL
### Part B - Response

Date Filed: December 28, 2012        Remedy ID No.: 719410-R1

You appeal the Warden's response to your request for administrative remedy. You contend that due to regulation, you are asking for my reconsideration.

A review of your appeal reveals the Warden summarized the reasons for the denial of your Compassionate Release request. We concur with the explanation as addressed in the Warden November 26, 2012, Letter to you. Your condition has been sufficiently addressed and prescribed medication and treatment is appropriate. You are encouraged to continue to work with your primary care provider team for other health care related issues and concerns.

Your appeal of the Warden's response is denied. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

_____        _____
Date                           R. Eichenlaub
                               Regional Director
                               Mid-Atlantic Region

Def. Appendix 15

## ADMINISTRATIVE REMEDY REGIONAL APPEAL
## PART B - Response

Date Filed: September 20, 2013          Remedy ID No.: 747214-R1

You appeal the Warden's response to your request for administrative remedy. You request a detailed explanation in writing regarding your throat condition. You further request to be told why you are classified as recovered; when you can expect medical treatment to open your throat; and when your feeding tube would be removed.

A review of your medical record reveals the Warden appropriately summarized the medical care you are receiving. Most recently, you were evaluated by clinical staff at Chronic Care Clinic(CCC) on September 12, 2013, at which time you were informed you need to wait a few more months to be sure you can properly swallow again before the peg tube can be removed.

Regarding your request for a detailed explanation in writing regarding your throat condition, you should complete an Inmate Request to Staff form to request copies of your medical records.

Your medical plan of care, developed and implemented by your primary care provider team, is adequate and complete. Your condition has been sufficiently addressed and prescribed medication and treatment is appropriate. You are encouraged to continue to work with your primary care provider team for other health care related issues and concerns.

This response is for informational purposes only. If you are dissatisfied with this response, you may appeal to the General Counsel, Federal Bureau of Prisons, 320 First Street, NW, Washington, DC 20534. Your appeal must be received in the General Counsel's Office within 30 days from the date of this response.

NOV - 8 2013

_____                    _____
Date                                  C. Eichenlaub
                                      Regional Director
                                      Mid-Atlantic Region

Def. Appendix 16

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3163-FL

SHI DONG PING, )
    a/k/a Ping Dong Shi, )
)
        Plaintiff, )
) DECLARTION OF
v. ) CHARLES RATLEDGE
)
WARDEN C. RATLEDGE, ET AL., )
)
        Defendants. )

I, Charles Ratledge, declare and state as follows:

1. I am currently employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"), as Warden at the United States Penitentiary in Jonesville, Virginia ("USP Lee"). I have held this position since October 3, 2015. Prior to becoming Warden at USP Lee, I was Warden at the Federal Correctional Institution in Butner, North Carolina ("FCI Butner") from December 29, 2013, through October 3, 2015.

2. As Warden of FCI Butner, I was responsible for reviewing requests submitted by FCI Butner inmates for a reduction in sentence, pursuant to BOP Program Statement 5050.49, <u>Compassionate Release, Reduction in Sentence</u>.

3. I am familiar with FCI Butner inmate Shi Dong Ping,

Def. Appendix 17

Register No.: 50259-053.[1] I am aware that he has filed the above-captioned federal civil rights action, in which I am named as a defendant. Mr. Ping alleges that I violated his Constitutional rights by ignoring his requests for information regarding his medical condition. He alleges that I had full knowledge of his medical condition, and the actions of the Utilization Review Committee at the Federal Medical Center in Butner, North Carolina ("FMC Butner"), and that I acted with deliberate indifference to his serious medical condition.

4. In the fall of 2014, Mr. Ping submitted a request for a reduction in sentence, based upon his medical condition. On November 5, 2014, I provided a written response to him, informing him that medical staff reviewed his request, and determined that at the time he was not medically appropriate as he did not meet the medical guidelines for a reduction in sentence. See Memorandum to Ping Shi, 50259-053, from Warden J. Andrews (Nov. 26, 2012), attached hereto as Attachment 1. I informed Mr. Ping of his right to appeal this decision via the BOP's administrative remedy program.

5. I deny that I ever intentionally violated any of Mr. Ping's constitutional rights. At no time did I have any personal involvement in the medical care provided to him, nor

---

[1] Official BOP records list the plaintiff's name as Ping Dong Shi. However, for the purposes of responding to this litigation, the plaintiff will be referred to as Shi Dong Ping

did I have any involvement into the treatment decisions made by his treatment providers or the Utilization Review Committee at FMC Butner. As the Warden, I was not involved in the day-to-day decisions of FCI Butner staff as it relates to the medical care provided to inmates. The response to Mr. Ping's request for reduction in sentence was prepared for my signature by administrative staff, based upon a review of the appropriate records, including his medical records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 16th day of March, 2016.

_____
Charles Ratledge
Warden
United States Penitentiary - Lee
Jonesville, Virginia

3

Def. Appendix 19

Case 5:14-ct-03163-FL   Document 39   Filed 03/17/16   Page 19 of 20



**U.S. Department of Justice**
Federal Bureau of Prisons

*Federal Correctional Complex*
*Federal Medical Center*

P.O. Box 1600
Butner, NC 27509

DATE: November 5, 2014

REPLY TO
ATTN OF: Charles Ratledge
Warden FCI Butner

SUBJECT: Reduction in Sentence

TO: Shi, Ping
Reg. #: 50259-053

Mr. Shi:

Medical staff reviewed your request for a Reduction in Sentence from a medical standpoint to determine whether you met the Reduction in Sentence guidelines due to a declining or deteriorating health condition. Your medical team indicated you were diagnosed with nasopharyngeal carcinoma in 2010. This was treated with radiation and chemotherapy with a good response. You have been monitored by an Oncologist and an Otolaryngologist with no evidence of recurrence. The treatment has left you with difficulty swallowing; however, you have maintained your weight with a nutritional support solution. You are able to function in general population without assistance.

While you have this medical condition, you are stable at this time and your life expectancy is indeterminate. You remain independent in your activities of daily living and are housed on an outpatient unit. Your medical conditions are managed by the Health Services Department. Therefore, you are not medically appropriate for reduction in sentence, as you do not meet the medical guidelines at this time. However, if your medical conditions change, please feel free to resubmit an Inmate Request to Staff (cop out) for consideration.

You have the right to appeal this decision via the Administrative Remedy Process. If you choose to appeal, you do not need to complete the informal review, but you would need to include a copy of this memorandum with your appeal. Any decision regarding appeal will be handled in a manner outlined in policy.

We are committed to providing you with the necessary and appropriate care for your medical needs.

cc: AW
Medical Records
Unit Team

Def. Appendix 20